IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN SKOPINSKI, Petitioner, | : : : | |
| v. | : : | CIVIL NO. 21-5271 |
| BARRY SMITH, *et al.*, Respondents. | : : : | |

**O R D E R**

*Pro se* Petitioner John Skopinski has filed an Objection to Magistrate Judge Wells's Recommendation that I dismiss his § 2254 Petition without holding an evidentiary hearing or issuing a certificate of appealability.  (Doc. Nos. 1, 11, 12); 28 U.S.C. § 2254.  I will overrule the Objection and adopt Judge Wells's Report and Recommendation.

I. BACKGROUND

In November 2009, Skopinski entered an open guilty plea to "several charges concerning his having intercourse with his minor stepdaughter."  (Doc. No. 11 at 1; Doc. No. 14 at 2.)  In October 2010, before he was sentenced, he sought to withdraw his guilty plea.  (Doc. No. 11 at 1; Doc. No. 14 at 3.)  After conducting a hearing, the trial court denied the motion and sentenced Skopinski to 25 to 50 years' imprisonment.  (Doc. No. 11 at 1; Doc. No. 14 at 3.)  Skopinski moved for reconsideration of his sentence, which the trial court denied after a hearing.  (Doc. No. 11 at 1; Doc. No. 14 at 3.)

On direct appeal, Skopinski challenged the denial of his motion to withdraw his guilty plea and the discretionary aspects of his sentence.  (Doc. No. 11 at 1-2; Doc. No. 14 at 3.)  The Superior Court affirmed in October 2012 and the Supreme Court denied *allocatur* in June 2013.  (Doc. No. 11 at 2; Doc. No. 14 at 3.)

In June 2014, Skopinski filed a Post-Conviction Relief Act Petition—which his appointed counsel amended five months later—challenging trial counsel's performance regarding the plea. (Doc. No. 11 at 2; Doc. No. 14 at 3-4); 42 Pa. Cons. Stat. §§ 9541-46. After conducting a hearing, the PCRA Court denied relief in August 2015. (Doc. No. 11 at 2; Doc. No. 14 at 4.) The Superior Court affirmed in June 2016 and the Supreme Court denied *allocatur* six months later. (Doc. No. 11 at 2.)

Between 2017 and 2019, Skopinski filed four more PCRA Petitions—all were dismissed. (Id.) Skopinski appealed the dismissal of his last two Petitions; the Superior Court affirmed in July 2020 and the Supreme Court denied *allocatur* in April 2021. (Id.)

Skopinski filed the instant Habeas Petition in November 2021. (Id.) He urges that:

(1) the trial court abused its discretion by failing to consider mitigating evidence and denying Skopinski's motion to withdraw his guilty plea;

(2) trial counsel was ineffective and the trial court abused its discretion by accepting Skopinski's defective guilty plea;

(3) the trial court abused its discretion by denying Skopinski's expert access to "the subject of the psychological evaluation";

(4) the trial court erred by accepting expert testimony that did not satisfy the Frye standard; and

(5) trial counsel ineffectively failed to present the fact and expert witnesses that Skopinski had requested for the hearing on the motion to withdraw his guilty plea.

(Id. at 2-3); Frye v. United States, 293 F. 1013 (D.C. Cir. 1923).

I referred this matter to Magistrate Judge Wells for a Report and Recommendation in October 2022. (Doc. No. 5.) Respondents oppose relief. (Doc. No. 7.) Judge Wells recommends

2

dismissing the Petition without an evidentiary hearing or the issuance of a certificate of appealability. (Doc. No. 11 at 6.) She concluded that claim four was "clearly not cognizable" and that the other claims were time-barred. (Id. at 3.) Skopinski filed a *pro se* Objection and Respondents have responded. (Doc. Nos. 12, 14.)

## II.    LEGAL STANDARDS

I must review *de novo* those portions of the Report to which Skopinski files timely, specific objections. 28 U.S.C. § 636(b)(1)(C). I may "accept, reject, or modify, in whole or in part" Magistrate Judge Wells's findings or recommendations. Id.; Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001). As to those portions to which no objections have been made, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Note to the 1983 Amendment; see Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). I construe *pro se* submissions liberally. Rainey v. Varner, 603 F.3d 189, 198-99 (3d Cir. 2010).

Before seeking federal habeas relief, state prisoners must exhaust their state court remedies. 28 U.S.C. § 2254(b). Federal courts usually will not review habeas claims that were not presented to the state court in the manner prescribed by its procedural rules. Wainwright v. Sykes, 433 U.S. 72, 81-82 (1977). "[I]f it is clear that [the habeas petitioner's] claims [would] now [be] procedurally barred under [state] law," the claims are exhausted but procedurally defaulted. Gray v. Netherland, 518 U.S. 152, 161-62 (1996) (second and fifth alterations in original). I may not consider a defaulted claim unless the petitioner shows either: (1) cause and prejudice; or (2) that the failure to consider the claim would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Cristin v. Brennan, 281 F.3d 404, 409 n.5 (3d Cir. 2002), cert. denied, Cristin v. Wolfe, 527 U.S. 897 (2002); see Murray v. Carrier, 477 U.S. 478, 488 (1986) ("[A] showing that

3

the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause." (internal quotations and citations omitted)).

I may grant habeas relief only if the state court's adjudication of the petitioner's claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  To warrant habeas relief, the state court's decision must be "objectively unreasonable."  Jacobs v. Horn, 395 F.3d 92, 100, 106 (3d Cir. 2005).  I may not grant relief "merely because [I] conclude[] that the state court applied federal law erroneously or incorrectly."  Id. at 100; see also Cavazos v. Smith, 132 S. Ct. 2, 4 (2011) ("[A] federal court may not overturn a state court decision . . . simply because the federal court disagrees with the state court.").  I must afford considerable deference to Superior Court determinations; I presume factual issues determined by a state court are correct unless a petitioner rebuts this presumption with clear and convincing evidence.  Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000); see also Sneed v. Beard, 328 F. Supp. 3d 412, 422 (E.D. Pa. 2018) (petitioners face a "high hurdle in challenging the factual basis for a prior state-court decision rejecting a claim").

### III.  OBJECTIONS

After finding Skopinski's fourth claim not cognizable and the remaining claims time-barred, Judge Wells reported that Skopinski "failed to advance any new, reliable evidence of his actual innocence to avoid [the] time-bar."  (Doc. No. 11 at 6 & n.5 (citing McQuiggin v. Perkins, 569 U.S. 683, 386 (2013)).)

In his Objection, Skopinski asks me to "strike the time bar and remand to the trial court for further proceedings." (Doc. No. 12 at 8.) Although not mentioned in his Petition, Skopinski now urges that "[n]one of the reliable evidence proving [his] innocence has been provided" in this case. (See Doc. No. 1 at 9-15; Doc. No. 12 at 2-3 ("[Skopinski] filed a Writ of Habeas Corpus however, [he] had not included any evidence proving his innocence.").) He thus has waived this claim. See Suero v. Kauffman, No. 19-1653, 2022 WL 991899, at *10 (E.D. Pa. Apr. 1, 2022) ("[T]he interest of justice does not require consideration of these Objections because Petitioner offers no explanation as to why the claims were not raised in his habeas Petition.").

As Respondents explain, "at no point in his Objection[] does [Skopinski] take issue with or object to the Report and Recommendation, but rather views the Objection to be his opportunity to present this 'innocence' for the first time." (Doc. No. 14 at 11.) Accordingly, I will overrule Skopinski's Objection. See, e.g., Berg v. Berryhill, No. 17-4452, 2019 WL 3387209, at *5 (E.D. Pa. July 26, 2019) (the plaintiff waived the argument that she raised for the first time in her objections to the R&R); Jimenez v. Barnhart, 46 F. App'x 684, 685 (3d Cir. 2002).

As to the substance of Judge Wells's Report, to which no objection was filed, I "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Notes; see also Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). Having reviewed the Report, I see no clear errors and I agree with Judge Wells's Recommendation.

*   *   *

**AND NOW**, this 1st day of September, 2023, upon consideration of the pleadings and record herein, and after careful review of Magistrate Judge Wells's Report and Recommendation (Doc. No. 11), Petitioner's Objection (Doc. No. 12), Respondents' Response (Doc. No. 14), and all related filings, it is hereby **ORDERED** that:

1. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DISMISSED with prejudice**;
2. A certificate of appealability will not issue;
3. Petitioner's Objection to the Report and Recommendation (Doc. No. 12) is **OVERRULED**;
4. Magistrate Judge Wells's Report and Recommendation (Doc. No. 11) is **APPROVED** and **ADOPTED**; and
5. The Clerk of Court shall mark this case **CLOSED** for statistical purposes.

                                              **AND IT IS SO ORDERED.**

                                              */s/ Paul S. Diamond*
                                              Paul S. Diamond, J.